(54 App. Div. 47.)

SKINNER v. ALLISON et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

1. COVENANTS BETWEEN ADJOINING LANDOWNERS—CONSTRUCTION—BUILDING RESTRICTIONS.

A covenant between adjoining landowners that one should not erect a house within 13 feet of the line, but might extend a porch to within 3 feet, is violated by the extension of the second story of the house over a portion of the 13 feet, notwithstanding the erection of a porch beneath it; and the other party is entitled to recover at least nominal damages for the breach.

2. APPEAL—REVERSAL.

The rule that a new trial will not be granted to a plaintiff where, upon the entire case, it appears that he is entitled to recover nominal damages only, does not apply where an allowance of nominal damages is necessary to protect his property interests, as by preserving his future rights under a covenant.

Appeal from special term, Westchester county.

Action by Elizabeth Skinner against Elsie J. Allison, impleaded with Samuel B. Haines. Appeal by plaintiff from a judgment of the supreme court in favor of the defendant Allison after a trial at special term. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and JENKS, JJ.

W. J. Townsend, for appellant.

George F. Allison, for respondent.

WILLARD BARTLETT, J. The appellant and the respondent own adjoining lands. This suit is brought to enforce a restrictive covenant, which forbids the erection by the respondent of any house within 13 feet of the line which separates her premises from those of the appellant. The language of the agreement is as follows:

"The party of the second part further covenants not to erect any stable upon said premises, nor any house within thirteen feet of the northerly line of the property hereby conveyed, but a porch may extend to a distance of three feet from said line."

It was proved upon the trial that the respondent has erected a house upon her property, which is so constructed that the gable end of the second story projects from the main portion of the house 13 inches over the restricted strip of 13 feet. The erection of this gable was plainly a violation of the covenant. It is found by the trial judge that "said overhang is fifteen feet from the ground, and is entirely over the porch which the respondent was permitted to build within three feet of the premises of the appellant." The porch has been constructed, and from the photograph in evidence it appears to be simply an uncovered platform or piazza at the end of the house, with three stone pillars, one at each outer corner and a third midway between. This porch has no roof or top. Inasmuch, however, as the encroachment consisting of the projecting gable end does not extend beyond the limits of the porch which I have described, the learned trial judge has held that the appellant appears to have suffered no damage by reason of the erection of the gable end, and has

directed judgment in favor of the defendants, with costs against the plaintiff. I do not see how this judgment can be upheld. The covenant has been violated, and this suffices to entitle the plaintiff to nominal damages, at least. I agree that the injury is very slight, in view of the right possessed by the defendant Allison to build out the porch, and that there was no case for a mandatory injunction. A judgment awarding nominal damages in favor of the plaintiff, however, was necessary in order to preserve her rights under the covenant, and enable her to prevent other possible breaches thereof in the future; such as might occur, for example, if the respondent removed the porch, and yet attempted to maintain the projecting gable. While the general rule is well established that a new trial will not be granted to a plaintiff where, upon the entire case, it appears that he is entitled to nominal damages only, it is equally well settled that this rule does not apply where an allowance of nominal damages is necessary to protect a property interest of the plaintiff. 1 Sedg. Dam. (8th Ed.) § 109; Herrick v. Stover, 5 Wend. 580; Ely v. Parsons, 55 Conn. 83, 101, 10 Atl. 499; Moore v. Railroad Co., 4 Misc. Rep. 132, 23 N. Y. Supp. 863. While, upon the evidence in this record, I should have been quite content with a disposition of the case limiting the plaintiff's recovery to a nominal sum only, it is so clear that she was entitled to that relief for the adequate protection of her property rights under the covenant that I think we are bound to grant a new trial.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.