office does not seem to be satisfied, we will stop just there where we left off before I went abroad, and will consider the matter as if no agreement or contract had been made between us." The advertising was then stopped, and it is evident that the plaintiff accepted the suggestion of the defendant's president that the parties should consider the matter as if no contract had been made. The plaintiff, therefore, was entitled to sue for the value of the services rendered upon a quantum meruit (Port Jervis Water Works Co. v. Village of Port Jervis, 71 Hun, 66, 24 N. Y. Supp. 497, affirmed in 151 N. Y. 111, 45 N. E. 388; Storrs v. Congregational Church, 17 N. Y. Wkly. Dig. 179; Jones v. City of New York, 47 App. Div. 39, 62 N. Y. Supp. 284); and the question is, what was the reasonable value of the advertising done under the second contract? It was testified that the ordinary and reasonable rate for such advertising by the plaintiff was 40 cents a line, with double charge for "display" lines. Upon this basis, the reasonable value of the advertising would be $1,794. The defendant's contradictory testimony was founded on a larger number of lines than was published by plaintiff. Under the circumstances, the amount claimed appears reasonable. It was the plain intention of the parties that the advertising should be paid for as if there had been no contract regulating the price. As the counterclaim depended upon the contract of September, 1895, it necessarily falls with that contract.

The plaintiff's first cause of action and the defendant's counterclaim are dismissed, and judgment for plaintiff on its second cause of action. Ordered accordingly.

---

### KORNDER v. KINGS COUNTY EL. R. CO. (two cases).

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. APPEAL—FINDINGS—CONFLICTING EVIDENCE.
 A finding on conflicting evidence will not be disturbed on appeal.

2. INJUNCTION—NOMINAL DAMAGES.
 Where an action is brought to restrain the operation of a railroad till it has made compensation for certain easements taken, in the absence of a showing of a money damage to the fee of the property the court is not bound to retain jurisdiction for the purpose of awarding nominal damages.

Appeals from special term, Kings county.

Action by Philip J. Kornder against the Kings County Elevated Railroad Company, and by Emma C. Kornder against the same defendant. From judgments in favor of the defendant, plaintiffs appeal. Modified.

See 58 N. Y. Supp. 518.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

William G. McKnight, for appellants.
W. C. Percy, for respondent.

WOODWARD, J. · There are two actions before the court, which were tried together, and the questions on appeal are the same in both, and will be treated as a single action; the plaintiffs being husband and wife, and the owners of the real estate involved in the controversy. The action is for an injunction restraining the defendant from operating its elevated railroad until it has compensated the plaintiffs for their easements of light, air, etc., which it is alleged the railroad company has taken. The plaintiffs are the owners of two parcels of ground, with the buildings thereon, at the corner of Fulton and Adelphi streets, and it is conceded that the defendant, which is the successor of the Kings County Elevated Railway Company, operates its railroad in front of such premises. Upon the trial of the actions the learned court at special-term handed down a decision dismissing the complaint upon the merits, for the reason that the plaintiffs had failed to establish any money damages to the property, and from the judgment entered appeal comes to this court.

The plaintiffs urge that there was evidence to support a finding that they had suffered a money damage, but, if this be conceded, it is equally true that there was evidence to support the finding that no money damages had been shown, and it is not for this court to decide upon conflicting evidence that the court below has erred. It is insisted, however, that, even if no money damages were established, it was error for the court to dismiss the complaint upon the merits, as the plaintiffs were entitled to nominal damages; citing Moore v. Railroad Co., 130 N. Y. 523, 29 N. E. 997, 14 L. R. A. 731, and other authorities. We are of opinion, however, that, where the action is in equity, the first essential is that the plaintiff should establish his right to some kind of relief,—that he should be able to show to the court that he is within some of the rules of equity,—and, in the absence of evidence which would warrant the court in granting some kind of equitable remedy, there is no reason for the court to retain jurisdiction of the action for the purpose of awarding nominal damages. The dismissal of the complaint merely operates to leave the plaintiffs to their remedy at law, and is an adjudication only upon the question of damages up to the time of bringing the action. In Moore v. Railroad Co., supra, a judgment in favor of the defendant, entered upon the verdict of a jury, was reversed because of an error on the part of the court in excluding from the consideration of the jury evidence as to the loss of privacy, the court holding that the jury might have awarded the plaintiff nominal damages if this evidence had not been excluded from their consideration; but we find no authorities which hold that a court of equity, having reached the conclusion that there was no evidence to support equitable relief, is bound to award nominal damages, unless such damages are necessary to protect a property interest of the plaintiff,—as in Skinner v. Allison, 54 App. Div. 47, 66 N. Y. Supp. 288, where the defendant had violated a covenant, but so slightly as not to afford any grounds for more than nominal damages. "A judgment awarding nominal damages in favor of the plaintiff, however, was necessary," say the court, "in order to preserve her rights under the covenant, and enable her to prevent other possible breaches thereof in the future." In that case the question

·was·-whether the covenant not to build beyond a certain line was effective. While the evidence showed that the projection was merely ·that of a gable out over a veranda, which the defendant had a right to construct, and no damage resulted to the plaintiff, the judgment, if· allowed to stand, without the awarding of nominal damages, .would have been an adjudication that the defendant had a right to maintain this projecting gable in the face of his covenant not to do so. This, as the court suggests, might have enable the defendant, after removing the veranda, to have still maintained the projecting gable . in violation of the covenant not to build within 13 feet of certain other property mentioned. That is a very different case from the one at bar, where the only question disposed of is that the plaintiffs had failed to show any money damages to the fee of their property. So long as the defendant has not compensated the plaintiffs for their easement of light, air, etc., there can be no question of its liability for any damages which they may be able to prove. That this may not be open to question, it may be proper that the judgment appealed from should be modified, under the provisions of section· 1022 of the ·Code of Civil Procedure, so that it shall not be construed to prejudice the rights of the plaintiffs to bring such actions in future as may· be necessary to recover any resulting damages to the property rights of the plaintiffs due to the operation of defendant's railroad, so far as such actions are not·inconsistent with the determination of the court at special term that no damages were proved up to the time of the trial. As so modified, the judgment should be affirmed.

Judgment modified in accordance with opinion of WOODWARD, J., and, as modified, affirmed, with costs. All concur.