(72 App. Div. 317.)

### RANDALL v. UNITED STATES LEATHER CO.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

NUISANCES—DAMAGE TO PREMISES—USABLE VALUE—QUESTION FOR JURY.
    Where plaintiff, occupying his premises as a store, brought an action
    for damages from a nuisance on adjoining premises, it was error to
    permit plaintiff to testify that he knew the "usable value" of his prem-
    ises, and to state what it was; it appearing that he used the terms
    in a different and larger sense than "rental value," as the "usable
    value," if competent, was a question for the jury.

Appeal from trial term, Tioga county.

Action by Oscar Randall against the United States Leather Com-
pany for damages from an alleged nuisance. From a judgment for
plaintiff, and from an order denying a new trial, defendant appeals.
Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

H. Austin Clark, for appellant.
Lynch & Davis (Martin Lynch, of counsel), for respondent.

CHASE, J.   The plaintiff is the owner of a piece of land in the village of Newark Valley, N. Y., on which is a building used, among other things, as a store, dwelling, and post office.   Under the store and dwelling is a cellar, and over the store is a hall used as a Masonic lodge room, and over the post office are rooms occupied as a law office.   The defendant has since April 1, 1893, been the owner of a piece of land adjoining the plaintiff's land on two sides.   On this land are buildings and appliances which for many years prior to 1899 were used as a tannery.   The plaintiff claims that during all of the time that the said tannery property has been owned by the defendant it has negligently and wrongfully caused and permitted the liquors and waters used in cleansing and preparing hides to escape and flow upon the property of the plaintiff, and percolate through the soil thereof, and into the cellar of plaintiff's said building, and that the said plaintiff's building and premises were contaminated thereby, and rendered unwholesome and dangerous to the lives of the persons occupying the same, and that such flow and percolation of liquors and water amounted to a continuous nuisance.   This action was brought by the plaintiff to recover damages by reason of such alleged nuisance.   The complaint alleges that such nuisance decreased and destroyed the rental value of his premises, affected and injured the market value of the merchandise in his store, and rendered portions of it unfit for sale and consumption; that members of his family were rendered unhealthy and sick; that he was compelled to pay, and did pay, large sums for medical attendance; and that he was compelled to and did remove from his premises at great expense and loss of time.   Issue was joined in the action, and on the trial a verdict was rendered in favor of the plaintiff.

We are of the opinion that the evidence before the trial court justified the submission to the jury of the questions relating to the alleged nuisance, and the defendant's responsibility therefor, but that errors were committed in regard to determining the amount of the plaintiff's damage that require us to grant a new trial.   In actions to recover damages for a nuisance, where the same has not been willfully maintained, compensation to the party injured for the wrong of the other should be the basis of the verdict.   In ascertaining such compensation, loss or diminution of rental value is a proper element of consideration.   Francis v. Schoellkopf, 53 N. Y. 152; Rosenheimer v. Gaslight Co., 36 App. Div. 1, 55 N. Y. Supp. 192; Michel v. Board, 39 Hun, 47; Wiel v. Stewart, 19 Hun, 272.   Special damages may be alleged and proven, and may include loss of profits, where the same are not contingent or remote, but certain, and such as can be ascertained under the established rules relating to the admission of evidence.   8 Am. & Eng. Enc. Law (2d Ed.) p. 625.

Evidence was given in this case of amounts paid by the plaintiff for medicines and medical attendance and loss of time by the plaintiff, but not of other special damages. The Masonic lodge room, the post office, and law offices over the post office, were rented by plaintiff, and the tenants remained in the possession of the same, and paid their rent therefor, and no damages are shown to the plaintiff in decrease of the rental of that part of his premises. The store and dwelling were occupied by the plaintiff and his family. On the trial the only evidence given by the plaintiff relating to damages to that part of the building so occupied by him was given by himself, and the questions and answers, together with the objections and rulings thereon, are as follows:

"Q. Do you know the usable value of the premises which you occupied as a store and residence during these five years that are specified in the complaint for the purposes for which you were then using the premises? (Defendant's counsel objected to the question. The court overruled the objection, and defendant's counsel excepted.) A. Yes, sir. Q. What was it during these years, independent of that odor and the presence of the substance you have testified to? (Defendant's counsel objected to the question on the ground that the witness was not shown competent, and that the usable value is not the true measure of damages, and that the witness is not capable of testifying as to the usable value where he used the premises himself, in connection with the profits of his goods in the store and residence taken together. The court overruled the objection. Defendant's counsel duly excepted.) A. Five hundred dollars per year. Q. What was the value of the premises for the use which you put them, with the presence of this stench and deleterious substance you have testified to? (Defendant's counsel objected to the question upon the same ground as before. The court overruled the objection. Defendant's counsel duly excepted.) A. They would be worthless."

The verdict of the jury was $2,925, and it is reasonably certain that they took the conclusion of the plaintiff as to the usable value of that part of the building occupied by him, together with the items of special damage shown by the plaintiff to make up the verdict so rendered by them. Defendant's witnesses testified that the fair rental value of that part of the building occupied by the plaintiff was from $200 to $250 per year. Plaintiff, on cross-examination, testified that he could not say that the rental value of the house and store occupied by him was $500 per year. In Tallman v. Railroad Co., 121 N. Y. 119, 23 N. E. 1134, 8 L. R. A. 173, and Woolsey v. Railroad Co., 134 N. Y. 323, 30 N. E. 387, 31 N. E. 891, the usable value of real property is recognized as something other than the rental value thereof. The usable value of the property must be determined with reference to the property in the condition that it is at the time of the injury. So far as usable value includes something other than rental value, it must necessarily refer to the net results to be obtained by the owner from the property in any legitimate use to which it could be put. That the plaintiff in this action intended to include in his estimate of the usable value the profits or net proceeds of his business is reasonably certain from the form of the question, and from the fact that he subsequently stated that the property would not rent for the amount of such estimate. A finding that the rental value of the property was $500 a year would be against the clear weight of evidence. The usable value of property,

as including the net results of occupying the same or of conducting a business thereon, should not be allowed to be shown by the conclusion of the person occupying the same or conducting such business. There is no claim in the complaint for loss or diminution of the usable value of the premises, but a claim is made for certain special damages as stated. The questions asked, sought, and obtained answers that evidently summed up all the damages claimed by the plaintiff, other than his payments for medical attendance. Assuming that this is a case where the plaintiff is entitled to show the usable value of that part of the buildings occupied by him, he should have been required by the trial court to have shown such usable value by giving the facts from which such value could have been left for determination by the jury. The usable value of real property is not an independent fact, like the rental value thereof. Such usable value should be shown by evidence similar to that required in proof of special damages. In a case of this kind, to allow the person occupying property to give his conclusions as to the usable value thereof not only allows him to answer the question to be submitted to the jury, but leaves the defendant almost wholly unable to rebut or contradict such testimony, as the evidence from which the conclusion is drawn is not before the court.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.