(87 App. Div. 371.)

HOFFMAN v. EDISON ELECTRIC ILLUMINATING CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1. NUISANCE—DAMAGES—RECOVERY BY TENANT.
    The fact that a tenant leases premises subsequent to the creation of a nuisance affecting the same does not preclude him from recovery for damages caused thereby.

2. SAME—ELECTION BY TENANT.
    In an action by a tenant for a nuisance injuring the leased premises, plaintiff has an election whether to have his damages measured by the depreciation in the rental value of the premises as a whole or by the loss in the usable value thereof.

3. SAME—DAMAGES.
    In an action for damages caused by a nuisance, in which plaintiff claimed that, owing to smoke, she was prevented from using the back

¶ 1. See Nuisance, vol. 37, Cent. Dig. § 107.

yard for hanging out laundry, and was thereby compelled to have the laundry done elsewhere, evidence as to the amount which plaintiff had paid for having such laundry work done was inadmissible, in the absence of any showing that the amount was reasonable.

4. SAME—EVIDENCE.

In an action by the keeper of a boarding house for damages arising from a nuisance, which plaintiff alleged caused two of her boarders to leave, conversations between plaintiff and them, which showed that they did so leave, was admissible as part of the res gestæ explaining the nature of the acts, but was not proof of the facts.

5. SAME.

In an action by a boarding house keeper for damages caused by a nuisance, evidence that certain of plaintiff's tenants objected to the nuisance, and refused to stay unless she reduced their rent, and that plaintiff made a reduction in consequence, justified the jury in finding that the reduced rentals were the fair rental value, and that plaintiff's damages were the difference between the value so ascertained and the rental value as determined by the amount formerly paid by plaintiff's tenants.

Appeal from Trial Term, New York County.

Action by Frances Hoffman against the Edison Electric Illuminating Company of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles I. Taylor, for appellant.
Frank M. Hardenbrook, for respondent.

LAUGHLIN, J. The plaintiff, as tenant of the premises No. 48 West Twenty-Seventh street, which she conducted as a boarding house, brought this action to recover damages for a nuisance caused by defendant's plant at the northeasterly corner of Sixth avenue and Twenty-Sixth street, immediately in the rear of the premises occupied by her. The alleged nuisance consisted of vibrations, noises, smoke, and gases. The plaintiff gave evidence tending to show, and sufficient to justify a finding, that the nuisance existed substantially as alleged. The period for which the plaintiff had a lease of the premises and for which she claims a recovery is from the 28th day of July, 1895, to the 22d day of November, 1898. The defendant contended that the plaintiff, having taken her lease subsequent to the creation of the nuisance, was not entitled to recover; but the trial court correctly ruled against the defendant on this proposition. Bly v. Edison Elec. Illum. Co., 172 N. Y. 1, 64 N. E. 745, 58 L. R. A. 500.

The plaintiff did not allege in her complaint, nor did she offer evidence upon the trial tending to show, a depreciation in the rental value of her premises as a whole. She alleges the loss of the use of the rear yard of the premises for laundry purposes; that some tenants left, and others were only induced to remain by reducing the rent, and that she was unable to rent some of the apartments in consequence of the nuisance. She has recovered the expense to which she was put in having her washing and laundry work done outside and for a diminution in the rent of two rear rooms. An owner or a tenant in this class of cases has an election whether to have his damages measured by the depreciation in the rental value of the premises as a

whole or by the loss in the usable value of the premises. Woolsey v. N. Y. El. R. R. Co., 134 N. Y. 323, 30 N. E. 387, 31 N. E. 891; Reisert v. City of New York, 174 N. Y. 196, 66 N. E. 731; Rumsey v. N. Y. & N. E. R. R. Co., 136 N. Y. 543, 32 N. E. 979; Randall v. U. S. Leather Co., 72 App. Div. 317, 76 N. Y. Supp. 82. The plaintiff has apparently elected to recover as her damages the loss she sustained in the usable value of the premises. She was using the premises as a rooming and boarding house. She was therefore entitled to recover the loss sustained by being deprived of the use of the rear of the premises and the loss she sustained by being obliged to reduce the rental of her rooms in order to keep her tenants. The plaintiff proved that, owing to the nuisance, the rear yard was rendered useless for laundry purposes, and that it cost her $292.30 for laundry work done elsewhere over and above the expenses of having it done on the premises. She also showed that two of her boarders and roomers, after contracting with her, were about to leave on account of the nuisance, and that, in order to induce them to remain, she was obliged to reduce the room rental of one $2 per week during a period of 84 weeks, and that of another $4 per week during a period of 136 weeks. The plaintiff also showed that she attempted, by advertising and otherwise, to rent other rooms, and that old tenants left and new tenants would not come, on account of the nuisance. This was the only evidence on the question of damages, and it was not controverted by the defendant. The court submitted to the jury the question of the existence of the nuisance, and drew their attention to these items of damages, stating the aggregate to be $1,008.30, which appears to be $4 more than the aggregate; but this error was not drawn to the attention of the court, nor is it urged upon the appeal. The court precluded the jury from allowing any damages other than these items. Counsel for the defendant excepted to the court's allowing the jury to find these specifications of damages, but did not ask to have the question submitted to the jury as to whether the amount was reasonable. The jury rendered a verdict for $1.008.30. The court subsequently reduced the verdict by $136. This reduction was manifestly made either on the supposition that an error of $1 per week was committed in stating the reduction made by the plaintiff to one of the tenants on account of the nuisance, or else that the reduction was excessive by that amount.

The cost of having the laundry work done out of the house was objected to as immaterial, not within the issues, and as incompetent and irrelevant. The objection was overruled, and the defendant excepted. The inquiry on that branch of the case was the loss sustained by the plaintiff in being deprived of the use of her yard for laundry purposes, the direct consequence of which was that she was obliged to send the laundry out. Had she shown the reasonable cost of having the work done outside, there can be no doubt but that would have been competent. The defendant is a wrongdoer, and is answerable to the plaintiff in the damages she has necessarily sustained. Of course, she could not contract to have her laundry work done at an excessive price, and hold the defendant responsible for the difference between such price and the expense of having the work done on

the premises. The specific objection of incompetency was taken below and is urged upon the appeal, and the reception of the evidence without showing that the price paid was reasonable was error. The fact that the two tenants refused to stay was elicited in the conversations between the plaintiff and them, which was properly received in evidence as part of the res gestæ and calculated to explain the nature of the acts, but was not proof of the facts stated (Hine v. N. Y. El. R. R. Co., 149 N. Y. 154, 43 N. E. 414); but it appeared without objection that the plaintiff thereafter received only the reduced rental. In view of the rentals paid by these witnesses before the discovery of the nuisance and of the difficulty of the plaintiff in obtaining and keeping tenants, the jury were justified in finding that the reduced rentals constituted the fair rental value, and that the plaintiff sustained the difference in damages. But for the error in the reception of evidence of the cost of having the laundry work done outside the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the judgment as entered to the sum of $776.97, and, in the event of such stipulation, the judgment, as so modified, and order, should be affirmed, but without costs. All concur.