Charles Lambiase, J.
Plaintiffs are owners of premises at No. 1748 Lexington Avenue, Rochester, New York, which they purchased in 1958 as a recently built house. At the time of their said purchase, the defendant City of Rochester owned and now owns a considerable acreage in the general locality known as the Emerson Street Landfill Area ’ ’, hereinafter referred to as “ landfill ” for the purposes of convenience.
Upon a portion of this area the City of Rochester, New York, now operates and at all times herein mentioned operated, in one phase of its refuse disposal program, an incinerator for the burning of rubbish and the like accumulated from ordinary household collections from the inhabitants of the city, said incinerator, at all times herein mentioned, though in the general area of the afore-mentioned landfill, being some considerable distance from plaintiffs’ house. Plaintiffs do not complain about the operation of the incinerator.
In another phase of its disposal operations, the city has since about 1955 done so-called “ open burning ” on the subject landfill site. This consists of doing just what the words imply, burning in the open items that are too big and unwieldy to be disposed of in the incinerator. The landfill area in question is generally swampy as is the land across the street from plaintiffs’ property, and the area, including plaintiffs’ property, is zoned M-l light industrial. The residue of these refuse disposal operations and large quantities of other materials and debris permitted to be dumped there by others by arrangement with the City of Rochester, particularly of recent date, resulting from accumulation of such from extensive demolition of structures and buildings in the city, are necessarily used in conjunction with the landfill operation there being carried on by the city, the landfill *438 and refuse disposal operations being essential parts of an integrated program. The area in question being swampy, the landfill is the means used to recapture and to reclaim the land.
The “ open burning ” operation has been conducted there by the city since 1955, and fires have burned at the site since then continuously, and were burning there at the time of the trial. These fires burn often at night producing quantities of smoke, odors, and resultant soot, soot which has collected on the outside of plaintiffs’ house covering the aluminum siding installed in 1965, and gathering on curtains and furniture inside of plaintiffs ’ dwelling and of adjoining neighbors ’ homes. Plaintiffs observed smoke there shortly after they moved into their home. However, the ‘1 open burning ’ ’ operation was much farther removed then and did not cause too much concern. It has been since 1964 and thereafter that the situation has become particularly alarming to plaintiffs, during which period of time said operation has been carried on at intervals as close as about 800 yards from plaintiffs ’ property and that of adjoining neighbors.
Plaintiffs and their neighbors have attempted to have the matter corrected by the city, but the city had not done So or had not been able to do so up to the time of the trial although it has tried to find other areas upon which to dispose of its rubbish through appropriately reasonable and proper methods and to serve as part of its general refuse disposal and landfill operations.
The instant action has been brought by plaintiffs for (1) an injunction against the city to enjoin and to restrain it from continuing its burning of rubbish and of Other materials in the open in the area known as the Emerson Street Landfill Area set out in the notice of claim and more particularly hereinbefore described; and for (2) judgment for damages claimed to have been suffered by them to their property, real and personal, and to their health by reason of said “ open burning ” operations.
We find the record before us of “ open burning ” operations of defendant in the so-called Emerson Street Landfill Area to be a state of facts constituting a nuisance to the plaintiffs and to their property, and, in our opinion, such a finding is amply sustained in said record. Therefore, it is the duty of this court as a court of equity to grant relief, it being found that plaintiffs have no adequate remedy at law.
In McCarty v. Natural Carbonic Gas Co. (189 N. Y. 40, 46-47) the court says: “ The law relating to private nuisances is a law of degree and usually turns on the question of fact whether the use is reasonable or not tinder all the circumstances. No hard and fast rule controls the subject, for a use that is reasonable *439 under one set of facts would be unreasonable under another. Whether the use of property to carry on a lawful business * * * amounts to a nuisance depends on the facts of each particular case, (21 Am. & Eng. Ency. of Law [2d ed.], 692.) Location, priority of occupation and the fact that the injury is only occasional are not conclusive, but are to be considered in connection with all the evidence and the inference drawn from all the facts proved whether the controlling fact exists that the use is unreasonable. If that fact is found, a nuisance is established and the plaintiff is entitled to relief in some form. Unless that fact is found, or it is an inference of law from other facts found, no nuisance is established, even if the plaintiff shows that he has suffered some damage, annoyance and injury.” And the public character of defendant’s business does not entitle it to maintain a nuisance, (Bly v. Edison Elec. Illuminating Co., 172 N. Y. 1, 6.) The defendant, like a natural person, is within the reason of the rule that every man must so use his own property as not to injure that of his neighbors. (Butler v. Village of White Plains, 59 App. Div. 30, 36.) An owner of property affected by a nuisance may maintain an action to recover his damages, or to abate the nuisance, or both, no matter whether he takes his title before or after the introduction of the nuisance, (Bly v. Edison Elec. Illuminating Co., supra, p. 13.) Thus, the “ coming to the nuisance ” on the part of a plaintiff, as the expression is employed, is only a factor to be considered in the over-all picture. (Graceland Corp. v. Consolidated Laundries Corp., 7 A D 2d 89, 93, affd, 6 N Y 2d 900,) The injury is a recurring one. Unless the nuisance be restrained, the litigation would be interminable. An injunction prevents a multiplicity of suits, a policy which the law favors since the peace and good order of society are best promoted by the termination of such litigations by a single suit, (Campbell v. Seaman, 63 N, Y, 568.)
Therefore, plaintiffs are entitled to a permanent injunction against the City of Rochester enjoining and restraining it from continuing to dispose of rubbish and other material by “ open burning” in the area known as the Emerson Street Landfill Area, However, in view of the fact that the City of Rochester at the time of the trial was and for some appreciable time prior thereto had been actively engaged in attempting to find other methods of disposal of the refuse now being burned in the open in the area involved herein, and in attempting to find an alternate landfill site for use by the city other than the one involved herein, and in view of the further fact that evidence offered by the city indicates that there are other methods and incinerator- *440 type instrumentalities now available in refuse disposal operations which are capable of disposing by burning materials of large size that cannot be burned in the type of incinerator such as is being used by the City of Rochester, New York, the injunction shall be so framed that it shall not be operative for the period of four months from the date of service of a copy of the decree or judgment to be entered herein with notice of entry thereof upon the defendant City of Rochester, and shall contain the further provision that this court or any Justice thereof sitting at Special Term, upon due notice of application therefor, shall have the right upon proper showing to postpone the effective date of said injunction for a reasonable time beyond said four months’ period as in the court’s discretion shall seem necessary for finding another area or other areas on which to lawfully carry on its refuse disposal operations or to adopt available methods which will serve for the purpose of disposing of its rubbish in such a reasonable and proper manner as the necessities of the case demand, including, if necessary, the obtaining of appropriate authorization for instituting proceedings for the condemnation by defendant of a right to utilize plaintiffs’ property in a manner now or in such a manner as may hereafter be employed. (Sammons v. City of Gloversville, 175 N. Y. 346; Pendorf v. City of Rome, 203 N. Y. 645, affg. without opn. 138 App. Div. 913.)
We consider now the cause of action as to damages which has been joined with the prayer for equitable relief and has thereby become an incident to said relief.
As to any alleged damage to the health and to any other item other than to the house which we discuss hereinafter separately, there is no proof whatsoever in the record and, therefore, there is a failure of proof with reference thereto.
In our opinion plaintiffs have proceeded upon the wrong theory in connection wdth the alleged damage to the house. It seems quite clear to us that plaintiffs have proceeded in connection therewith upon the assumption that the invasion of their rights effected by the acts found herein of the City of Rochester is permanent. This is an erroneous assumption under the circumstances prevailing. The invasion of plaintiffs ’ rights is not necessarily permanent. The offending situation may be remedied, and plaintiffs ’ land may be restored to its former condition. There is no presumption that the City of Rochester will persist in its course of conduct, but, on the contrary, plaintiffs’ damages are to be assessed on the assumption that the City of Rochester will right the wrong and, therefore, plaintiffs are limited to the injury which they had sustained to their house, exterior and *441 interior, and furnishings therein to the time of the filing of their claim. (Uline v. New York Cent. & Hudson Riv. R. R. Co., 101 N. Y. 98.) We, therefore, cannot and do not allow any recovery on the basis of a permanent damage to the premises as borne out by the evidence adduced by plaintiffs of market value before and market value after of the premises demanding the difference between the two figures as the damages to be awarded. No other measure of damages was proved on this item. It would seem that under the circumstances herein the damages would be the diminished rental value of the premises (Francis v. Schoellkopf, 53 N. Y. 152; Bly v. Edison Elec. Illuminating Co., 172 N. Y. 1, supra).
In respect to other items of damage, it would seem that the proper measure thereof would be the reasonable expense of cleaning the aluminum siding and other items in the house allocating so much thereof as the contribution of the conditions complained of could be connected therewith, a matter which we do not consider to have been accomplished by the proof. Upon this record plaintiffs have failed to give evidence as to these items of loss founded upon the true measure of damages. Under the circumstances herein where the loss is pecuniary and actual and can be measured, but no evidence is given showing its extent or from which it can be inferred, the jury can allow nominal damages only. (Leeds v. Metropolitan Gas-Light Co., 90 N. Y. 26, 29.) Also, in equity, a judgment awarding nominal damages has been granted when it was necessary to preserve rights and to prevent subsequent possible breaches in the future. (Skinner v. Allison, 54 App. Div. 47; Henry Hoff, Inc. v. Noll, 273 App. Div. 361, affd. 299 N. Y. 588.)
Our findings herein indicate an award of nominal damages which are damages in name only having no substance but which nevertheless vindicate the plaintiffs’ rights. The usual amount awarded as such damages in this State is 6 cents, and accordingly we award said amount and direct entry of judgment in favor of plaintiffs and against the defendant, City of Rochester, in said sum. In addition we award costs and disbursements to the plaintiffs against the defendant to be taxed by the Clerk of this court.