R. Waldron Herzberg, J.
Plaintiffs in this action seek an injunction against defendant cement company (Atlantic) to restrain it from emitting dust and raw materials and conducting excessive blasting in operating its plant in such a manner as to constitute a nuisance upon plaintiffs’ lands. In addition damages to the time of trial are sought.
Atlantic commenced the production of Portland Cement at its plant in the Town of Coeymans in the County of Albany on or about September 1, 1962. Prior to that date defendant expended more than $40,000,000 in the erection of one of the largest and most modern cement plants in the world. The company installed at great expense the most efficient devices available to prevent the discharge of dust and polluted air into the atmosphere.
Although the evidence in this case establishes that Atlantic took every available and possible precaution to protect the plaintiffs from dust (see Freidman v. Columbia Mach. Works, 99 App. Div. 504; De Muro v. Havranek, 153 Misc. 787, 790-791), nevertheless, I find that the plaintiffs have sustained the burden of proof that Atlantic in the operation of its cement plant between .September 1, 1962 and June 1, 1967 (a period of 57 months) created a nuisance insofar as the lands of the plaintiffs are concerned. The discharge of large quantities of dust upon each of the properties and excessive vibration from blasting *1025 deprived each party of the reasonable use of his property and thereby prevented his enjoyment of life and liberty therein (see Campbell v. Seaman, 63 N. Y. 568, 577; Bohan v. Port Jervis Gas & Light Co., 122 N. Y. 18, 23; Booth v. Rome Watertown & Ogdensburg R. R. Co., 140 N. Y. 267; McCarty v. Natural Carbonic Gas Co., 189 N. Y. 40, 46; Waters v. McNearney, 8 A D 2d 13, 16, affd. 8 N Y 2d 808; Dixon v. New York Trap Rock Corp., 293 N. Y. 509, 513; Dillon v. Cortland Baking Co., 224 App. Div. 303, 305; Moore v. Newport Quarries, 285 App. Div. 640, 642; 42 N. Y. Jur., Nuisances, §§ 14, 39).
I have given careful consideration to the plea of plaintiffs that an injunction should issue in this action. Although the Supreme Court has the power to grant and enforce an injunction, equity forbids its employment in this instance. The defendant’s immense investment in the Hudson River Valley, its contribution to the Capital District’s economy and its immediate help to the education of children in the Town of Coeymans through the payment of substantial .sums in school and property taxes lead me to the conclusion that I should adhere to the often quoted words of Judge Comm in McCann v. Chasm Power Co. (211 N. Y. 301, 305): “‘It is not safe to attempt to lay down any hard and fast rule for the guidance of courts of equity in determining when an injunction should issue.’ [Quoting from Judge Webber’s opinion in Whalen v. Union Bag & Paper Co., 208 N. Y. 1, 4.] The ownership of property will be protected unless there are other considerations which forbid, as inequitable, the remedy of the prohibitive or mandatory injunction. A court of equity can never be justified in making an inequitable decree. If the protection of a. legal right even would do a plaintiff but comparatively little good and would produce great public or private hardship, equity will withhold its discreet and beneficent hand and remit the plaintiff to his legal rights and remedies.” (See Forstmann v. Joray Holding Co., 244 N. Y. 22, 29-30; Howland v. Union Bag & Paper Corp., 156 Misc. 507, 515-516.) After reviewing ali the evidence in this action, I find that an injunction ‘ ‘ would produce great public * * * hardship ”.
In awarding damages to the time of trial I am bound by precedent to grant only the loss of rental value or loss of usable value sustained. (See Uline v. New York Cent. & Hudson Riv. R.R. Co., 101 N. Y. 98; Francis v. Schoellkopf, 53 N. Y. 152,155; Hoffman v. Edison Elec. Illuminating Co., 87 App. Div. 371, 373.) After considering the testimony of the experts called by the parties and the other evidence in this case, I find that the loss of usable value per month of each party is as follows:
*1026 Oscar H. Boomer and June 0. Boomer.......... $ 50
Theodore J. Richard and Miriam W. Richard.... 125
Avie Kinley, Martha Kinley and Mary L. Kinley 150 Kenneth R. Livengood and Dolores M. Livengood 40
Floyd W. Millions and Barbara A. Millions...... 40
Joseph L. Ventura and Carrie Ventura......... 40
James W. McCall............................. 40
Charles J. Meilak and Angelina Meilak......... 50
Total............................... $535
In addition the plaintiffs Oscar H. Boomer and June C. Boomer are entitled to judgment against Atlantic pursuant to a stipulation made during the trial in the amount of $14,370 for damages to automobiles stored on their premises.
Since the trial of this action extended for several weeks and in order to effect a final determination, I find that the reasonable market value of each property as of September 1,1962 (the date of the commencement of operations by Atlantic), the reasonable market value as of June 1, 1967 (the time of trial) and the permanent loss to each plaintiff, are as follows:
Reasonable Reasonable Permanent Market Value Market Value Damage 9/1/1962 6/1/1967
Oscar H. Boomer and June C. Boomer.... Theodore J. Richard and Miriam W. 25,000 12,500 12,500 Richard Real Property...................... 30,000 12,000 18,000 Business........................... Avie Kinley, Martha Kinley and Mary 40,000 16,000 24,000 L. Kinley........................ 140,000 70,000 70,000 Kenneth R. Livengood and Delores M. Livengood....................... 18,000 7,000 11,000 Floyd W. Millions and Barbara A. Millious 20,000 8,000 12,000 Joseph L. Ventura and Carrie Ventura---25,000 12,500 12,500 James W. McCall..................... 22,000 11,000 11,000 Charles J. Meilak and Angelina Meilak... 26,000 12,000 14,000
Total........................................................ $185,000
In the event any plaintiff or plaintiffs and the defendant agree in writing to accept the permanent damages found herein within 30 days after the rendering of this decision with the provision that no subsequent action shall be brought by either the plaintiff or plaintiffs or any successor in title against this defendant or any successor to it, judgment for said amount with costs may be entered in said action.
*1027 This decision in no way makes any findings in respect to the conduct of Atlantic in the operation of its plant between September 1, 1962 and June 1, 1967, except insofar as the plaintiffs herein are concerned. Further, I make no findings in respect to the operation by Atlantic of its plant subsequent to June 1, 1967.
All motions reserved upon the trial are denied.
Judgments for the plaintiffs as hereinbefore set forth, with costs.