OSCAR H. BOOMER et al., Appellants, *v.* ATLANTIC CEMENT COMPANY, INC., Respondent. (And Five Other Actions.)

Third Department, November 4, 1968.

*E. David Duncan* for appellants.

*Ainsworth, Sullivan, Tracy & Knauf* (*Thomas F. Tracy* of counsel), for respondent.

AULISI, J. These are appeals from judgments of the Supreme Court in favor of the plaintiffs, entered September 26, 1967 in Albany County, upon a decision of the court at a Trial Term.

Involved in this appeal are eight separate actions commenced by residents of the Town of Coeymans whose homes and businesses are in the immediate vicinity of defendant's main cement plant and quarry located in the Town of Coeymans, Albany County, adjacent to U. S. Route 9W. The relief sought in these actions was an injunction restraining defendant from emitting dust and other raw materials and conducting excessive blasting operations in such a manner as to create a nuisance and the recovery of damages sustained as a result of the nuisance so created.

Despite its conclusion that the defendant in the operation of its plant had, in fact, created a nuisance with respect to plaintiffs' properties, the trial court refused to issue an injunction. In reaching its decision on the propriety of granting the injunctive relief sought, the court carefully considered, weighed and evaluated the respective equities, relative hardship and interests of the parties to this dispute and the public at large. Re-examining the record, we note the zoning of the area, the large number of persons employed by the defendant, its extensive business operations and substantial investment in plant and equipment, its use of the most modern and efficient devices to prevent offensive emissions and discharges, and its payment of substantial sums of real property and school taxes. After giving due consideration to all of these relevant factors, the trial court struck the balance in defendant's favor and we find no reason to disturb that determination.

The trial court did award damages based upon the loss of usable value sustained. Plaintiffs' contention to the contrary notwithstanding, we find no ground for interfering with either the court's determination of the proper measure of damages (see *Uline* v. *New York Cent. & Hudson Riv. R. R. Co.,* 101 N. Y.

98; *Francis* v. *Schoellkopf,* 53 N. Y. 152) or its application of same to the facts of this case.

The judgments should be affirmed, without costs.

HERLIHY, J. P., REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur.

Judgments affirmed, without costs.