Walter M. Schackman, J.
Plaintiff owns a small apartment building, recently renovated, on West 93rd Street in Manhattan, almost directly across the street from a building owned by the defendant. The latter building has been abandoned. Plaintiff claims the defendant has created a nuisance by not properly caring for her property and claims it has suffered damages as a result. Defendant did not appear in the action and an inquest was held before the court.
The uncontroverted proof at trial was that defendant’s building had deteriorated, become unsightly and been taken over by derelicts. The building’s condition has caused a deterioration in values on the block. A real estate expert testified that the depreciation in value of plaintiff’s property since the abandonment of defendant’s building was $30,000 to $35,000. He further stated it would be impossible for plaintiff to obtain a mortgage because of the condition of the defendant’s property. The question for the court is whether the failure of the *906 defendant to supervise her abandoned property constitutes the maintenance of a private nuisance.
An excellent definition of nuisance appears in 4 ALR3d 908: "The nuisance doctrine operates as a restriction upon the right of an owner of property to make such use of it as he pleases. In legal phraseology the term 'nuisance’ is applied to that class of wrongs which arises from the unreasonable, unwarrantable, or unlawful use by a person of his own property, and which produces such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage. It is so comprehensive that it has been applied to almost all wrongs which have interfered with the rights of the citizen in his person, property, the enjoyment of his property, or his comfort. It has been said that the term 'nuisance’ is incapable of an exact and exhaustive definition which will fit all cases, because the controlling facts are seldom alike, and each case stands on its own footing.”
The court has made a search of the reported cases in New York and has been unable to find any similar to the case at bar. However, it has been held that "every person who suffered actual damages, whether direct or consequential, from a nuisance, might maintain an action for his own particular injury.” (Lansing v Smith, 4 Wend 9.) There are numerous cases where property owners, adjacent to or in the vicinity of a nuisance, were entitled to damages. Examples are: where a tire shop emitted offensive odors and fumes (Mandell v Pasquaretto, 76 Misc 2d 405); the discharge of large quantities of dust (Boomer v Atlantic Cement Co., 55 Misc 2d 1023, affd 30 AD2d 480, revd 26 NY2d 219, on remand 72 Misc 2d 834, affd 42 AD2d 496); an open burning operation by a city in a landfill area (Shearing v City of Rochester, 51 Misc 2d 436) and blasting operations (Dixon v New York Trap Rock Corp., 293 NY 509).
In considering whether an activity is a nuisance, the court must be mindful of the location and surroundings as well as other circumstances. An activity which occurs in a particular location and surroundings may be reasonable, while the same activity in another location and in other surroundings may be a nuisance (Town of Preble v Song Mountain, 62 Misc 2d 353).
West 93rd Street is in the West Side Urban Renewal area which has recently seen a marked upward trend in real estate values. Annually there are thousands of buildings abandoned throughout New York City. Some buildings abandoned and *907 left in disrepair in certain deteriorating neighborhoods of the city may not constitute a nuisance. However, here a building has been abandoned in a location where property owners are trying to maintain and upgrade the housing standards. Defendant has clearly violated section C26-80.0 of the Administrative Code of the City of New York which requires that vacant buildings must be either continuously guarded or sealed. The court is of the opinion that defendant’s actions constitute a nuisance.
The court is not unmindful of the fact that given the number of abandonments, estimated by the Housing and Development Administration of the City of New York at approximately 12,000 units per year, and the further fact that the city does not have the funds to force the owners to maintain these properties, a decision in favor of plaintiff herein could result in a multiplicity of lawsuits. However, one bad building may eventually destroy an entire neighborhood. The courts have a duty to examine each situation independently.
Plaintiff has provided sufficient proof that defendant’s building is, in its present condition, a nuisance. It is entitled to the difference between the market value of the building before and after the nuisance (Kinley v Atlantic Cement Co., 42 AD2d 496, supra; 42 NY Jur, Nuisance, p 531). Plaintiff’s expert has testified that the difference in value is $30,000 to $35,000. The court finds in favor of the plaintiff in the sum of $30,000.