CHARLES WALTERS, Appellant, v. SYRACUSE RAPID TRANSIT RAILWAY COMPANY, Respondent.

NONSUIT — CREDIBILITY OF WITNESSES IS GENERALLY A QUESTION OF FACT NOT OF LAW. A nonsuit, granted in an action of negligence, cannot be upheld upon the ground that the facts testified to by plaintiff and his witnesses were utterly incredible and in fact scientifically and physically impossible, especially in a case involving electrical phenomena, unless it can be shown by science and common knowledge that such testimony must be absolutely false; in all cases of doubt, however, the credibility and weight to be given to the testimony is a question for the jury and not for the court.

*Walters* v. *Syracuse Rapid Transit Ry. Co.*, 84 App. Div. 64, reversed.

(Argued March 3, 1904; decided March 15, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 19, 1903, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John H. McCrahon* for appellant. The case should have been submitted to the jury, and it was error for the court to grant a nonsuit. (*McDonald* v. *M. Ry. Co.*, 167 N. Y. 66.)

*Charles E. Spencer* for respondent. The plaintiff failed to show that any negligence of the defendant caused the injuries complained of, and the trial court properly granted a nonsuit. (*F. L. & T. Co.* v. *Siefke*, 144 N. Y. 354; *Whitlach* v. *F. & C. Co.*, 149 N. Y. 45; S. & R. on Neg. [5th ed.] §§ 25, 26; Cooley on Torts, 69; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Huck* v. *Roch. R. Co.*, 43 App. Div. 615; 169 N. Y. 590; *City of Albany* v. *W. T. & R. Co.*, 76 Hun, 136; *Hudson* v. *R., W. & O. R. R. Co.*, 145 N. Y. 408; *Pollock* v. *Pollock*, 71 N. Y. 137; *Dobie* v. *Armstrong*, 160 N. Y. 584; *Bond* v. *Smith*, 113 N. Y. 378.)

O'BRIEN, J. The plaintiff sought to recover damages for a personal injury that he claimed to have sustained in consequence of the falling upon him of a guy or stay wire, being a part of the defendant's overhead trolley system for operating its railroad. One end of the wire, which was about 120 feet long, was attached to the top of a pole, and the other end was attached to the main trolley wire. There is no dispute about the fact that this wire broke near the point where it was connected with the trolley and at least 100 feet of it fell into the street below, a distance of about 22 feet. The plaintiff testified that he was at that moment riding on a bicycle through the street underneath the wire, and that it fell upon him, coiled around his body and communicated what he called a shock of electricity to him which affected his heart and nervous system. The plaintiff's testimony was, in many respects, corroborated by other witnesses. The proof tended to show that the plaintiff was subjected to considerable physical suffering in consequence of the accident, but whether the

injuries claimed to have been sustained were temporary, or permanent, does not appear from the proofs.

At the close of all of the testimony the learned trial judge granted a motion made by the defendant's counsel for a nonsuit, and to this ruling the plaintiff's counsel excepted. He also asked that the whole case made out by the evidence be submitted to the jury, which request was refused and an exception was taken. The case, therefore, presents the familiar question whether the plaintiff produced at the trial any evidence which he was entitled to have weighed and considered by the jury. There can, I think, be no doubt that the plaintiff's testimony, if believed, or rather if at all credible, tended to establish the cause of action stated in the complaint. The plaintiff has been nonsuited and the judgment of nonsuit has been affirmed at the Appellate Division, on the sole ground that the facts to which he and his witnesses testified at the trial were utterly incredible and, in fact, scientifically and physically impossible. It is upon that ground that the learned counsel for the defendant attempts to sustain the judgment in this court. The fact that the overhead wire attached to the defendant's trolley system fell at the time and place claimed and came in contact, at least to some extent, with the plaintiff's person was clearly established, but it was said that a stay or guy wire, one end of which was detached from the trolley and the other end attached to a pole, could not possibly have communicated a current of electricity to the plaintiff's body. We are not able to understand how such an occurrence could have happened, but this court is not the judge of the credibility of testimony. We have frequently had occasion in cases of accidents upon electric railways to try and fathom some of the unaccountable freaks of electricity. We know that there are many things concerning its action that are imperfectly understood. What it does or may do under a given state of circumstances is perhaps not yet accurately known. It may be that the plaintiff's claim that he felt a shock of electricity when the wire coiled around his body was purely imaginary; but if he tells the truth as to what fol-

lowed and the effect which the accident had upon him, there can be no doubt that in some way and from some cause he sustained bodily injuries. What the extent of these injuries was and whether they were real or in some degree feigned, was a question for the jury. If the plaintiff's testimony as to the circumstances attending the injury is incredible and impossible it is as easy to expose the falsity and to demonstrate the truth before the jury as it is before the court.

All we mean to say is that the credibility and the weight to be given to the plaintiff's testimony should have been determined by the jury. It is not a very unusual thing for this court to feel constrained to affirm judgments in such cases where large recoveries have been had upon testimony quite as incredible as that of the plaintiff in this case. Moreover, it frequently happens that cases appear and reappear in this court, after three or four trials, where the plaintiff on every trial has changed his testimony in order to meet the varying fortunes of the case upon appeal. It often happens that his testimony upon the second trial is directly contrary to his testimony on the first trial, and when it is apparent that it was done to meet the decision on appeal the temptation to hold that the second story was false is almost irresistible. Yet, in just such cases this court has held that the changes and contradictions in the plaintiff's testimony, the motives for the same and the truth of the last version is a matter for the consideration of the jury. ( *Williams* v. *Del., L. & W. R. R. Co.*, 155 N. Y. 158.)

If this court is to be consistent with the position taken in that case and in many other cases of like character, we cannot hold as matter of law, that there was no proof in this case to sustain the plaintiff's cause of action. It often happens that science and common knowledge may be invoked for the purposes of demonstrating that a particular statement in regard to some particular accident must be absolutely false; in such cases the question is for the court; but in cases of doubt we think it is wiser and better to remit such controversies to the proper tribunal for settling facts and ascertaining where the

truth lies, rather than assume the power to determine the facts ourselves. This is an old rule, and while like all other rules it may work hardship or injustice in a particular case, it is wiser to adhere to it. (*McDonald* v. *Metr. St. Ry. Co.*, 167 N. Y. 66; *Place* v. *N. Y. C. & H. R. R. R. Co.*, 167 N. Y. 345; *Hoffman House* v. *Foote*, 172 N. Y. 350.)

The judgment should be reversed and a new trial granted, costs to abide the event.

Bartlett, Haight, Vann, Cullen and Werner, JJ., concur; Parker, Ch. J., absent.

Judgment reversed, etc.