CZERMAK et al. v. WETZEL et al.

(Supreme Court, Special Term, Westchester County. October, 1907.)

1. WITNESSES—CREDIBILITY—CHANGE OF TESTIMONY ON SECOND TRIAL.

While testimony of a witness at a second trial, which is different from that given by him at the former trial, may have to be credited in reviewing the findings of a jury, a trial court should be reluctant to credit such a change in the testimony of a leading witness, who is substantially a party, where the change serves to adjust the case to the rule laid down by the appellate tribunal in setting aside the result of a former trial.

2. APPEAL—DISPOSITION OF CASE—PROCEEDING IN LOWER COURT.

Where a judgment for plaintiffs is reversed by an appellate court, and a new trial granted, on the ground that plaintiffs had not established their case, and the evidence on the second trial is not essentially different from what it was at the prior trial, the decision of the appellate court will control.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4661–4665.]

Action by Louis F. Czermak and others, as trustees of Port Chester Lodge, No. 33, Knights of Pythias, against Charles A. Wetzel and another. Judgment for defendants.

See 114 App. Div. 816, 100 N. Y. Supp. 167.

Peck & Wilcox, for plaintiffs.
Burton C. Meighan, for defendants.

MILLS, J. This is an action brought by the plaintiffs to compel the defendants to execute and deliver to the plaintiffs a lease for the term of ten years from the 1st day of February, 1903, of certain lodgeroom premises in a building owned by the defendants, situated in the village of Port Chester, Westchester county. The claim of the plaintiffs in brief is that in or about November, 1902, while the building was being constructed, the defendants entered into an oral agreement with the plaintiffs for such lease, and agreed later to give a written lease to such effect, and that upon the faith of such agreement the plaintiffs' lodge took possession of the room on the 16th of April, 1903, and proceeded, with the knowledge of the defendants and upon the faith of the oral agreement, to fit the rooms up for special use as lodgerooms at an expense of about $500, and that thereafter the defendants refused to give a written lease, except for the period of five years, with restrictions against subletting, except to a sister lodge of the same order.

The claim of the defendants is that the oral agreement was for a lease for five years, not ten, with a restriction against subletting, except to such sister lodge. The action was formerly tried at the Westchester Special Term in May, 1904, and resulted in a decision in favor of the plaintiffs, upon which judgment in proper form was entered. From such judgment the defendants appealed to the Appellate Division, which by a divided court reversed the judgment appealed from and granted a new trial; the opinion of the majority of the court being written by Mr. Justice Gaynor. See 114 App. Div. 816, 100 N. Y. Supp. 167. By such opinion it appears that the court rested its conclusion that the plaintiffs had not established a case upon two

grounds, viz.: (1) That the undisputed evidence established that, prior to the time when the plaintiffs moved into the rooms and took possession, the dispute between them and the defendants as to the term orally agreed upon for the lease, whether ten years or five, had arisen, and that therefore the plaintiffs could not have taken possession upon the faith of the alleged oral agreement to give a ten-year lease, and could not have made their expenditures, which concededly were made after they took possession, upon the faith of such agreement; and (2) that the expenditures made by the plaintiffs in fitting up the lodge-rooms were of such a character as to be appropriate to a five-year term of occupation and as usual not to last beyond that time.

The new trial of the case so ordered by the Appellate Division has now been had before this court. Upon a careful review of the stenographer's minutes and consideration of the briefs submitted, I cannot perceive that the evidence upon the present trial is essentially different from what it was at the prior trial. The only apparently material difference is that the plaintiffs, upon this trial, attempt to prove that the defendants did not repudiate their alleged oral agreement made in November, 1902, to give a lease for ten years, until after the plaintiffs' lodge moved into the rooms on April 16, 1903, and that the very next day after such repudiation first occurred, and the dispute between the parties as to the length of the term of the lease as orally agreed upon, whether for ten or five years, first arose, plaintiffs employed a lawyer, and that by the lawyer's testimony they seek to establish that they so employed him on the 13th of May, 1903. By this proof the plaintiffs claim now to have established that they took possession and made their improvements or became bound by contracts therefor before defendants repudiated their agreement to give a ten-year lease. They claim now to have, by this proof, so altered their case as to escape the chief ground upon which it was found wanting by the Appellate Division. The lawyer employed by the plaintiffs at the former trial testified that he was so retained in the latter part of the winter—i. e., of 1902 and 1903—or the early part of the spring of 1903. Now he testifies that he was so employed on May 13, 1903, and fixes the date by the fact that he finds an entry in his office diary of his having been consulted by the plaintiffs on that day, and finds no earlier entry therein of such event, and, further, that he finds in his office letterpress copybook a copy of a letter written by him to the defendants, dated May 13, 1903, which he now remembers was written by him immediately after his employment by plaintiffs. He accounts for the error of date in his prior testimony upon the ground that he had not then looked up his diary or letterpress copybook. I am fully satisfied with the correctness and honesty of his present testimony; but such testimony does not in itself serve to establish that the dispute between the defendants and plaintiffs as to the term of the lease as orally agreed upon did not arise before the lodge took possession of the premises. Of course, the lawyer's testimony and letter indicate clearly that such dispute between the parties had arisen and become acute before the date when he was consulted and the letter written. The question when that dispute arose must be determined upon testimony other than his.

The plaintiffs' leading witness at both trials, who was the presiding officer of their lodge, now testifies clearly that such dispute did not arise until the day before they called upon and consulted the lawyer. At the prior trial he testified explicitly and repeatedly, in answer both to questions of either counsel and to those by the court, that such dispute had arisen before the lodge took possession of the rooms. Upon this trial he admits the giving of such testimony upon the former trial, and practically affects unconsciousness of any inconsistency between his testimony upon this point at the two trials. I think that a trial court should be exceedingly cautious and reluctant to credit a change in testimony made by a leading witness and substantially a party, which change serves to temper or adjust the case to the rule laid down by the appellate tribunal in setting aside the result of a former trial. The incongruity of crediting at a subsequent trial testimony of a witness, changed from that given by the same witness at the former trial and adapted "to meet the varying fortunes of the case upon appeal," has perhaps to be tolerated in reviewing the findings of a jury (Walters v. Syracuse R. T. Ry. Co., 178 N. Y. 50, at page 53, 70 N. E. 98, at page 99) ; but it cannot be well for a trial justice to emulate the credulity in that regard which the jury, perhaps too often, certainly occasionally, exhibits.

I cannot bring myself to believe that the plaintiffs' testimony, so clearly, precisely, and repeatedly given by their leading witness at the former trial, to the effect that the dispute between the parties arose and was active before the lodge took possession of the rooms, was mistaken. Therefore I feel required by the decision of the Appellate Division upon the former appeal to decide the case in favor of the defendants.