J. FREEMAN DIXON et al., Appellants and Respondents, *v.* NEW YORK TRAP ROCK CORPORATION, Respondent and Appellant.

Argued October 12, 1944; decided November 30, 1944.

510

*Elijah T. Russell* and *Harold H. Jacobs* for plaintiffs-appellants and respondents. I. The entire question of liability turns on the sole basis of reasonable user. (*Booth* v. *R., W. & O. T. R. R. Co.*, 140 N. Y. 267; *Kean* v. *New York Trap Rock Corp.*, 238 App. Div. 795; *Bohan* v. *P. J. G. L. Co.*, 122 N. Y. 18;

*Khoury* v. *County of Saratoga,* 243 App. Div. 195; *Whalen* v. *Union Bag & Paper Co.,* 208 N. Y. 5; *Hogle* v. *Franklin Manufacturing Co.,* 199 N. Y. 396.) II. Causal relation and resultant damage were clearly established. III. The Appellate Division was in error in reversing as to Katherine S. Dixon. (*Comstock* v. *Wilson,* 257 N. Y. 231; *Polykranas* v. *Krausz,* 73 App. Div 583; *Beck* v. *Libraro,* 220 App. Div. 547; *Williams* v. *Underhill,* 63 App. Div. 223; *Preiser* v. *Wielandt,* 48 App. Div. 569; *Carroll* v. *New York Pie Baking Co.,* 215 App. Div. 240; *Mundy* v. *Levy Brothers Realty Co.,* 184 App. Div. 467.)

*Frederick Evan Crane, Harold Williams* and *M. Glenn Folger* for defendant-respondent and appellant. I. Defendant is not liable unless it has been negligent or unless it has been guilty of unreasonable conduct, and there is no evidence to sustain a finding of negligence or of unreasonable conduct. (*Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267; *Holland House Co.* v. *Baird,* 169 N. Y. 136; *Barrett* v. *Federal Crushed Stone Corporation,* 147 Misc. 808, 245 App. Div. 800; *Page* v. *Dempsey,* 184 N. Y. 245; *Hill* v. *Schneider,* 13 App. Div. 299.) II. There is no finding of fact and nothing to support the conclusion of law that defendant's operation constituted a nuisance. (*Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267; *Barrett* v. *Federal Crushed Stone Corp.,* 147 Misc. 808, 245 App. Div. 800.) III. There is no evidence in the record to support a finding that vibrations from the defendant's blasting damaged the plaintiffs' property. (*White* v. *Lehigh Valley R. R. Co.,* 220 N. Y. 131; *Ruback* v. *McCleary, Wallin & Crouse,* 220 N. Y. 188; *Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1; *Turack* v. *State of New York,* 173 Misc. 178; *Matter of Harriot,* 145 N. Y. 540; *Hudson* v. *R., W. & O. R. R. Co.,* 145 N. Y. 408; *Harrison* v. *N. Y. C. & H. R. R. R. Co.,* 195 N. Y. 86.) IV. The facts found by the Referee affirmatively show that vibrations from the defendant's blasting did not and could not have caused any damage to the plaintiffs' house. (*Hunter* v. *N. Y. O. & W. R. R. Co.,* 116 N. Y. 615; *Keller* v. *Erie R. R.,* 183 N. Y. 67; *People* v. *Galbo,* 218 N. Y. 283.) V. The Appellate Division correctly reversed the judgment on account of personal injury to plaintiff Katherine S. Dixon. (*Mitchell* v. *Rochester Railway Co.,* 151 N. Y. 107; *Hack* v. *Dady,* 142 App. Div. 510;

*Comstock* v. *Wilson,* 257 N. Y. 231; *Cook* v. *Village of Mohawk,* 207 N. Y. 311.)

*John C. Gall, William F. Howe* and *Karl M. Dollak* for National Crushed Stone Association, Inc., *amicus curiæ.* I. In order to recover for consequential injuries sustained as the result of vibration caused by blasting on the premises of the defendant, plaintiff must prove that such injury was caused by negligence on the part of the defendant. This the plaintiffs failed to do. (*Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267; *Holland House Co.* v. *Baird,* 169 N. Y. 136; *Page* v. *Dempsey,* 184 N. Y. 245; *Hall Sons' Co.* v. *Sundstrom & Stratton Co.,* 138 App. Div. 548, 204 N. Y. 660; *Sullivan* v. *Dunham,* 161 N. Y. 290; *Benner* v. *The A. D. Co.,* 134 N. Y. 156; *Coley* v. *Cohen,* 289 N. Y. 365; *Kaninsky* v. *Purcell & Gilfeather, Inc.,* 158 N. Y. S. 165.) II. Plaintiffs produced no direct evidence that vibration from defendant's blasting caused damage to their premises. III. To recover a judgment, the burden of proof is on plaintiff to establish by a preponderance of evidence that the injury complained of was caused by the vibration resulting from the blasting. (*Riggs* v. *New York Tunnel Co.,* 202 N. Y. 129; *White* v. *Lehigh Valley R. R. Co.,* 220 N. Y. 131; *Digelormo* v. *Weil,* 260 N. Y. 192; *Scharff* v. *Jackson,* 216 N. Y. 598; *Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90; *Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1.) IV. Where physical processes are obscure and concerning them a layman can have no well-founded knowledge, expert testimony must prevail and cannot be contradicted by the testimony of lay witnesses. (*Dougherty* v. *Milliken,* 163 N. Y. 527; *Mayor* v *Pentz,* 24 Wend. 668; *Burton* v. *Holden & M. Lumber Co,* 112 Vt. 17; *State Compensation Ins. Fund* v. *Industrial Acc. Comm.,* 195 Cal. 174; *People ex rel. Benson* v. *Burdick,* 215 App. Div. 163; *In Re Maralian,* 43 N. Y. S. 2d 461; *Harris* v. *Nashville C. & St. Louis Railroad,* 153 Ala. 139; *Safeway Stores, Inc.,* v. *Phelps,* 145 S. W. 2d 337; *National Life & Accident Insurance Company, Inc.,* v. *Martin,* 14 N. E. 2d 1018.) V. Defendant's evidence demonstrated that vibrations from the defendant's blasting were not the cause of any damage to the plaintiffs' property. (*Hunter* v. *N. Y. O. & W. R. R. Co.,* 116 N. Y. 615; *Higgins* v. *Mason,* 230 App. Div. 149, 255 N. Y. 104.)

LOUGHRAN, J. The plaintiffs are husband and wife and, as tenants by the entirety, are the owners of a dwelling-house property in the county of Dutchess. Their complaint alleges that this house was injured and the health of the female plaintiff impaired through vibration of the earth caused by blasts that from time to time were exploded by the defendant at its neighboring rock quarry.

The blasting operations admittedly were of a customary sort. There was evidence, however, that actual injury thereby done to the house of the plaintiffs was substantial and continuous and greatly diminished the value of the property as well as the enjoyment of it. This proof was adopted by findings that stand affirmed. In the judgment of the courts below, the blasting was so excessive in result as to constitute an " unreasonable " interference with the land of the plaintiffs. The tort thus signified is nuisance — a wrong in which failure to take proper care is not a necessary element of liability. (See *Campbell et al.* v. *Seaman,* 63 N. Y. 568; *McCarty* v. *Natural Carbonic Gas Co.,* 189 N. Y. 40; *Hogle* v. *Franklin Manufacturing Co.,* 199 N. Y. 388; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340, 343; Cf. Penal Law, § 1530.) For the claimed damages to their property, the plaintiffs have a recovery of $7,500.

As appellant here, the defendant says the findings are contradictory of physical law and assert the impossible. Nothing useful would be gained by setting forth our analysis of the detailed expert testimony on which this contention depends, for at the end we would only be able to say there was a question of fact as to the conclusiveness of the scientific instruments and formulas used by the witnesses. We dispose of this branch of the case, then, by merely stating our conclusion that argument on this point was ended by the findings made and affirmed. (See *Walters* v. *Syracuse R. T. Ry. Co.,* 178 N. Y. 50.)

Stress is laid by the defendant upon our decision in *Booth* v. *R., W. & O. T. R. R. Co.* (140 N. Y. 267). We think this emphasis is misplaced. In the *Booth* case, the blasting was a more or less temporary act which was appropriate for the adaptation of the defendant's land to a lawful business and that act was for that reason deemed to be on the side of the public welfare. (Cf. Bohlen, Studies in the Law of Torts, 414, 415.) Such an activity — so we said — ought not to be a ground of liability in

the absence of negligence in the method of doing it, unless some substance is thereby cast upon the person or property of another. (See the cases cited in *Derrick* v. *Kelly*, 136 App. Div. 433.) In the present case, the blasting (as we must suppose) was regularly carried on after notice of harm that already had ensued from it. In the present case, moreover, there was no purpose to promote any improvement of the defendant's land. These distinctions bring to the fore a fundamental principle which in *Sullivan* v. *Dunham* (161 N. Y. 290, 300) was restated by VANN, J., in these words: " The safety of property generally is superior in right to a particular use of a single piece of property by its owner." The *Booth* case declared a precise exception to that proposition. The present case is not within that exception.

A cross appeal by the plaintiffs remains to be considered. The health of the female plaintiff had been good prior to the time when the defendant's blasting operations first injured her home in 1935. In that connection, the trial Referee made the following findings: " That from said year of 1935 down to the commencement of this action her health has been considerably impaired. That she is suffering from a neurotic condition known as an anxiety state * * * and is unable to sleep or rest normally. * * * That she lives in a constant state of dread and apprehension of the blasting conditions and the consequent damage and ruin of her home. That such blasting and her apprehension and dread thereof has caused her present nervous collapse * * * and that she has committed no act or acts contributing to her suffering * * *." The Appellate Division reversed these findings and made contrary new findings upon which the judgment was modified by striking therefrom an award to the female plaintiff of $2,000 damages. The plaintiffs now challenge that modification.

We think the above findings of the Referee are in conformity with the weight of the evidence. On that basis, his award of damages to the female plaintiff should be reinstated; and this because of the principle that discomfort and inconvenience caused by the disturbance of the property are valid grounds of recovery in an action for a nuisance. (See *Rosenheimer* v. *Standard Gas Light Co.*, 36 App. Div. 1, 10; 21 Amer. & Eng. Encyc. of Law [2d ed.] 728; 142 A. L. R. 1307, 1312; Salmond on Torts, 9th ed. 231.)

The judgment of the Appellate Division should be reversed and that of the Referee affirmed, with costs to plaintiffs.

RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., and THACHER, J., concur in the result.

Judgment accordingly.