JAMES J. CARNEY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31171.)

MARGARET V. CARNEY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31172.)

DOROTHEA R. MEAGHER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31173.)

IRENE M. MEAGHER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31174.)

Court of Claims, October 8, 1953.

*Franklin P. Gavin* for claimants.

*Nathaniel L. Goldstein, Attorney-General (David V. Seaman* of counsel), for defendant.

LAMBIASE, J.   This is a motion made by the State of New York in each of the above-entitled claims for an order dismissing the same "on the ground that the Court of Claims does not have jurisdiction thereof because no claim was filed within the time provided by Section 10 of the Court of Claims Act."

The above-entitled claims filed with the clerk of the Court of Claims on February 5, 1952, seek to collect damages for personal injuries in the first, third, and fourth above-enumerated claims, and for personal injuries and property damage in the second above-enumerated claim.   Each claim alleges among other things:

"8. This claim is founded upon the negligence of the State of New York in the construction, reconstruction, erection and maintenance by the State of New York of an obstruction on New York State Highway Route No. 29 at the easterly end of the aforesaid bridge and on the approaches thereto.

"9. That the negligence of the State of New York and the acts or omissions committed or permitted by it constituting a nuisance consist, among other things, of the following:

"(a) In constructing and/or reconstructing a single traffic lane bridge as an integral part of an improved and arterial State highway;

"(b) In abruptly narrowing the width of said highway from a two lane highway to a single lane highway without any or adequate and sufficient warning thereof;

"(c) In failing to properly place and locate adequate and sufficient signs or other signal devices warning motorists and others lawfully using said highway that a dangerous obstruction exists thereon;

" (d) In constructing and/or reconstructing a single traffic lane bridge and in maintaining the same as an integral part of a State highway knowing the same to be inadequate to accommodate the flow of modern everyday vehicular traffic;

" (e) In constructing or reconstructing the aforesaid bridge and its approaches, parapets and abutments as part of New York State Route No. 29 in such a manner that they obstructed and interfered with the free and orderly flow of vehicular traffic particularly in a westerly direction along said Route No. 29;

" (f) In failing to erect and/or maintain sufficient and adequate barriers or guard rails along the northerly shoulder of Route No. 29 at the point where said Route No. 29 approaches said bridge and immediately adjacent to the easterly end of said bridge;

" (g) In failing to comply with the principles obtaining in sound engineering practice in erecting and maintaining barriers or guard rails on the northerly shoulder of Route No. 29 at the point where said route approaches the aforesaid bridge;

" (h) In failing to construct, reconstruct and/or maintain the aforesaid bridge and the easterly approach thereto in accordance with the principles obtaining in sound engineering practice and in the light of modern and ever changing conditions;

" (i) In failing to comply with the rules and regulations and engineering practices prescribed by the State of New York in constructing, reconstructing and maintaining the aforesaid bridge and the easterly approach thereto including the construction, reconstruction and maintenance of the shoulder of the easterly approach to said bridge and the barriers and guard rails thereon;

" (j) In failing to regulate and maintain the speed of vehicles operating upon and across said bridge;

" (k) In constructing, reconstructing and maintaining a narrow approach at the easterly end of said bridge, which said approach is bounded on the north and south sides thereof by barriers, guard rails and abutments which constitute a trap to motorists using said approach;

" (l) In permitting the aforesaid condition to exist with full knowledge thereof and in knowing said conditions to be dangerous by reason of the happening of prior accidents;

" (m) In being otherwise careless and negligent.

"11. That said accident and injuries resulting therefrom were caused solely by reason of the negligence and nuisance of the State of New York as aforesaid and were in no wise caused by any negligence or want of care on the part of this claimant who was entirely free of same." (Pars. 8, 9 and 11 in each of the above claims.) Concededly, more than ninety days elapsed between the date of the accident described in each of the claims and the filing of each claim.

The State of New York upon this motion to dismiss maintains that the claims should have been filed within ninety days after the happening of the accident as provided in subdivision 3 of section 10 of the Court of Claims Act, which subdivision at the time of the accident read and now reads as follows: "3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim."

Claimants contend that their claims do not sound in negligence but in nuisance and, therefore, are entitled to look to subdivision 4 of section 10 of the Court of Claims Act for statutory authority to file their claims, which subdivision 4 at the time of the accident read and now reads as follows: "4. A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual."

In furtherance of their position claimants submit that: "From a reading of the claims it will become apparent that the claims sound in nuisance as distinguished from negligence per se. In other words the claimants contend that under the conditions of present-day vehicular traffic the said bridge as maintained at the time of the happening of the accident constituted an obstruction to travel and therefore a nuisance. The claimants do not contend that the bridge as originally constructed was necessarily a nuisance. It is however the contention of the claimants that due to changing conditions in vehicular traffic the said bridge by reason of the passage of time became

an obstruction to travel " and submit further that: " It is clear that the Legislature in subdivision 3 of Section 10 of the Court of Claims Act referred to negligence in its nice and correct sense and not to nuisance as distinguished therefrom."

Assuming *arguendo* and for that purpose only that claimants' claims are cast in nuisance, whether it be nuisance arising from negligence or nuisance in which failure to take proper care is not a necessary element of liability (*Dixon* v. *New York Trap Rock Corp.*, 293 N. Y. 509; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340), the cause of action alleged is nonetheless a tort (*Dixon* v. *New York Trap Rock Corp., supra*) and a condition precedent to imposing liability upon the State of New York in compliance with subdivision 3 of section 10 of the Court of Claims Act.

We conclude that the claims herein should have been filed within ninety days of the date of the accident described therein.

Motion to dismiss is granted in each of the above-entitled claims.

Submit separate order accordingly in each of the above-entitled claims.