ROBERT D. BRANCH, as Administrator of the Estate of MADELINE WHEELER, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30649.) GERTRUDE B. LANSING, as Administratrix of the Estate of HALLAH WATERS, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30865.) — Appeals from judgments of the Court of Claims. On November 25, 1950, an elm tree standing between the curb and the sidewalk on the easterly side of Main Street in Warrensburg was blown over by the wind, fell across the roadway and struck and killed Madeline Wheeler and Hallah Waters who were walking on the westerly sidewalk. Their respective estates have filed claims against the State. Whether the State built the sidewalk adjacent to the tree, and whether in any event the tree was in the area of the State's right of way or in an area owned and controlled by other public authority, is a fair issue in the case and must be deemed resolved against the claimants in view of the general decision of the Court of Claims against them. But if it be assumed that the State was responsible for the maintenance of the tree we would not feel that a reversal of the judgments would be justified on the record before us. It has not been shown that the tree was so weakened that the court was required to find that the State in the exercise of reasonable care should have observed the weakness and removed it. The roots of this tree were described as being 75% rotted and parts of the trunk were rotted, but no notice of this condition has been shown to have been had by the State, actually or constructively. The court was free to find also that the wind which blew down the tree was an extraordinary occurrence. While one witness described the wind in Warrensburg as not unusual, he agreed that the storm did widespread damage to trees in the Adirondacks in the general area of this village, and a conservation map showing large areas of extensive tree damage was before the court, some damage being shown on the east and south as well as on the west and north of Warrensburg. Meteorological proof indicated an extraordinary and destructive wind at two points of observation in the eastern section of the State. The decision of the Court of Claims that the State is not answerable in damages for this occurrence seems to us consistent with the evidence. Judgments unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

JAMES J. CARNEY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31171.) MARGARET V. CARNEY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31172.) DOROTHEA R. MEAGHER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31173.) IRENE M. MEAGHER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31174.) — Claimants appeal from an order of the Court of Claims, entered October 26, 1953, which dismissed the claims because of late filing. The claims were filed much too late to sue the State for the tort of an officer or employee of the State (Court of Claims Act, § 10, subd. 3). The claimants attempt to characterize their claims as being grounded in nuisance rather than in negligence but the claims are nevertheless claims for torts alleged to have been committed by officers or employees of the State. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [205 Misc. 450.]