MARIE L. MOORE, Appellant, v. NEWPORT QUARRIES, INC., et al., Respondents.

Fourth Department, May 4, 1955.

*Eugene M. Hanson* for appellant.

*Salvador J. Capecelatro* for Newport Quarries, Inc., respondent.

*George R. Fearon* and *Charles E. Cooney, Jr.,* for E. I. Du Pont de Nemours and Company, respondent.

*Per Curiam.* The plaintiff brought this action on the theory of nuisance to recover for damage to her residence property and for impairment of her health allegedly caused by blasting operations carried on at the rock quarry of the defendant Newport Quarries, Inc., under the alleged joint supervision and control of both defendants.

During the trial and after a conference between counsel and the court, plaintiff's attorney made a so-called offer of proof. He stated that he would like to offer proof from the plaintiff's attending physician as to the health of the plaintiff for the period from 1950 to the commencement of the action; also that he would like to offer proof through the testimony of Mr. Wilkinson, a general contractor, that he had examined the premises in question and would testify to the conditions which he found and the cost of repairing the same. He also offered to prove by Charles Greenwich, an architect, and Kenneth Baird, an architect, the condition of the building based upon personal examinations by them to elicit testimony by hypothetical question " as to the causal connection, if any, between the blasts in the record in this case, and the damage found by him on the premises." Objections were made by defendants' counsel to the proffered testimony on the ground that no negligence had been shown on the part of either of the defendants; that upon the proof there was nothing unusual or unreasonable or excessive about the blasting and upon the ground that there was no causal connection between the blasts and the damages claimed. The court sustained the objections to the proffered testimony and later granted a motion for a nonsuit as to each of the defendants on the ground that there was no evidence presented that the defendants had carried on the business of blasting in an unreasonable, excessive or unusual manner or that any causal relation had been shown between the acts of the defendants and the damages claimed.

Whether the proffered witnesses could qualify to give an expert opinion as to whether the shaking and trembling accompanying the blasting was a competent and producing cause of the conditions which afterward appeared in the house and of plaintiff's impairment of health cannot be determined in the absence of their testimony. Likewise, we do not know whether or not they would be able to give competent opinion evidence which would eliminate causes other than the blasting. Their testimony, had it been heard, may well have been sufficient to create a question of fact as to proximate cause. We think it was error to exclude it.

Where proximate cause is established and it appears that plaintiff has suffered substantial damage from continual blasting operations, it matters not that the defendants used reasonable care in setting off the explosions or that the blasts were usual, ordinary and not excessive (*Dixon* v. *New York Trap Rock Corp.*, 293 N. Y. 509). Negligence is not a necessary element

of this type of nuisance, nor is it a defense that the business being conducted by defendant is a lawful one (*Bohan* v. *Port Jervis Gas-Light Co.*, 122 N. Y. 18). If the shaking and the vibrations following the continued explosions are shown to constitute a competent and producing cause of the damage, it seems clear that in the language of *Dixon* v. *New York Trap Rock Corp.* (*supra*, p. 513), the damage was " so excessive in result as to constitute an ' unreasonable ' interference with the land of the plaintiffs ", or at least a jury might so find.

The appeal as to the defendant Du Pont presents a somewhat different situation. We think that upon the undisputed evidence while Mr. Williams was in the general employ of defendant Du Pont, he was, at the time in question, in the special employ of the defendant Newport Quarries to do its work, and for the time being became the servant of Newport who is alone liable for his acts (see *Wyllie* v. *Palmer*, 137 N. Y. 248, and *McLamb* v. *Du Pont*, 79 F. 2d 966). Moreover, it appears from the evidence that Mr. Williams was present at only a part of the series of explosions which are alleged to have culminated in the damage to the plaintiff. It is not possible, therefore, to separate the damage resulting from the blasts in which Williams participated, from those in which he did not participate. For that reason and for the reason that the rule of *respondeat superior* does not apply as between Williams and Du Pont in relation to the explosions in which he participated, we conclude that the nonsuit in favor of the defendant Du Pont was properly granted.

The judgment in favor of the defendant Newport Quarries, Inc., and against the plaintiff should be reversed and a new trial granted, with costs to the appellant to abide the event. The judgment in favor of E. I. Du Pont de Nemours and Company against the plaintiff should be affirmed, without costs.

All concur. Present — McCURN, P. J., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Judgment in favor of E. I. Du Pont de Nemours and Company, affirmed, without costs of this appeal to either party. Judgment in favor of Newport Quarries, Inc., reversed, on the law, and a new trial granted, with costs to the appellant to abide the event.