Harland SCOTT and Ella Scott, Appellants,

v.

CENTRAL COMMERCIAL COMPANY, Appellees.

No. 50, Docket 25653.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1959.

Decided Dec. 9, 1959.

John J. Heckman, Granville, N. Y., George W. Harrington, Associate Counsel, Castleton, Vt., for appellants.

J. Malcolm Williams, Poultney, Vt., Williams & Sullivan, Richard F. Sullivan, Rutland, Vt., of counsel, for appellee.

Before LUMBARD, Chief Judge, and HAND and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of Vermont, Gibson, J., presiding, dismissing the complaint upon the verdict of a jury in an action to recover damages to the plaintiffs' real property, caused by the defendant's blasting on its quarries, which lay at some distance from plaintiffs' land. The complaint alleged that the blasting had been done negligently, and Judge Gibson charged the jury that the defendant's liability depended upon its failure to exercise reasonable care "to prevent injury to adjoining property from vibration or concussion," which were the only injuries involved. At the conclusion of the charge the plaintiffs' attorney, when asked by the judge whether he had any exceptions, answered: "We are entirely satisfied," as did the defendant's attorney also. The jury brought in a verdict for the defendant on which the judgment was entered, as we have said.

█ Concededly, the claim depends upon the law of New York; and the plaintiffs' position is that under the law of that state, if injury to nearby land results from the concussions of repeated blasts, and not from throwing rocks and the like upon the land, the injured party may recover, regardless of negligence, at least if the defendant was not engaged in making improvements on his own land. Dixon v. New York Trap Rock Corporation, 293 N.Y. 509, 58 N.E.2d 517. To the defendant's argument that the plaintiffs had brought and tried the action upon the theory that their land had been injured by the defendant's negligence, the plaintiffs replied that, when a judgment has resulted in grave injustice an appellate court may intervene, though the question was not raised below. There are indeed occasions when a court will do so. United States v. Trypuc, 2 Cir., 136 F.2d 900; United States v. Haug, 2 Cir., 150 F.2d 911, 915; Dowell, Inc. v. Jowers, 5 Cir., 166 F.2d 214, 221, 2 A.L.R.2d 442. However, it is obvious that such a power must be sparingly exercised, since it is an exception to the fundamental purpose for which courts are maintained—to decide disputes, as the parties present them and not to amend their claims after they have been determined against them. As we said in Alaska Pacific Salmon Co. v. Reynolds Metals Co., 2 Cir., 163 F.2d 643, 659, it is only an "egregious kind of error" (that) "we may consider of our own motion." Even though the law of New York be absolutely contrary to what both parties had approved and the court had accepted, it would not "seri-

ously affect the fairness, integrity or public reputation of judicial proceedings" (Troupe v. Chicago, Duluth and Georgian Bay Transit Co., 2 Cir., 234 F.2d 253, 260) to hold the plaintiffs to the claim as they had presented it.

Moreover, we do not think that the law of New York has been stated as categorically in the plaintiffs' favor as they suppose. For instance, it is certainly open to debate whether the courts of New York would not hold that blasting a solid ledge into small enough pieces to become a merchantable product is not as much "improving" the land as clearing out stubborn undergrowth with a "bulldozer" in order to make it arable.

Judgment affirmed.