**Philip LiMANDRI, Plaintiff-Appellant,**

v.

**Lloyd BRASILEIRO, Defendant-Appellee.**

**No. 281, Docket 27491.**

United States Court of Appeals Second Circuit.

Argued March 18, 1963.

Decided April 17, 1963.

Jacob Rassner, New York City (Solomon J. Cohen, New York City, on the brief), for plaintiff-appellant.

William F. Larkin, New York City (Thomas J. Walsh, Henry G. Miller, Lawless & Lynch, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and CLARK and MARSHALL, Circuit Judges.

**4**

LUMBARD, Chief Judge.

Philip LiMandri appeals from a judgment of the United States District Court for the Southern District of New York, entered on a jury verdict for the defendant in a case seeking damages for injury allegedly resulting from a fall suffered by LiMandri due to Lloyd Brasileiro's negligence. We affirm.

LiMandri was a cargo checker in the employ of Universal Terminal & Stevedoring Corp.[1] On March 4, 1954 he was working on Pier 30 in Brooklyn. Brasileiro leased Pier 30 from the City of New York for the purpose of loading its vessels. LiMandri's duty was to check cargo coming in on trucks and record certain data as the trucks were unloaded. He did not work on any vessel and he stated that "The cargo I was taking in was not for any ship on the pier * * *." While performing his duties on March 4 LiMandri allegedly slipped on some grease and fell over debris and dunnage, injuring his back.

LiMandri, who had been represented by counsel throughout this proceeding, filed a complaint in the District Court in the Southern District of New York. He alleged that the court had jurisdiction based on diversity of citizenship. He further alleged that Brasileiro was negligent and that he himself was not contributorily negligent. The case was tried as a negligence action. Accordingly, one of the issues contested was whether Brasileiro had control of the pier. Moreover, LiMandri submitted requested charges with regard to contributory negligence, one of which was granted and the other denied. Judge Cooper charged the jury on New York negligence law. The jury returned a verdict for Brasileiro and judgment was entered thereon.

On this appeal, LiMandri contends for the first time that he was a longshoreman injured while engaged in duties traditionally performed by seamen and consequently maritime law and its rule of comparative negligence rather than New York law should have been applied. See Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

■ LiMandri's assertion that this case should have been tried as a maritime tort is untimely. The complaint clearly selected. ordinary negligence as the ground for recovery and the entire case was tried on that theory. LiMandri never sought to amend the pleadings to include allegations under which a maritime tort could be established. He requested instructions dealing with contributory negligence and he took no exception to the court's charge. Having had the kind of trial he wanted, and having lost, LiMandri will not now be heard to claim that he should have had a trial on a different theory which he never mentioned. Rule 51 of the Federal Rules of Civil Procedure is a bar to so late a change of heart as it provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Scott v. Central Commercial Co., 272 F. 2d 781 (2 Cir. 1959), cert. denied, 363 U.S. 806, 80 S.Ct. 1241, 4 L.Ed.2d 1149 (1960); Alaska Pacific Salmon Co. v. Reynolds Metal Co., 163 F.2d 643, 658–659 (2 Cir. 1947); cf. Troupe v. Chicago, Duluth & Georgian Bay Transit Co., 234 F.2d 253, 259–260 (2 Cir. 1956).[2]

■ In any event there is no basis in the record for the claim that LiMandri

---

1. Universal Terminal & Stevedoring Corp. was the third-party defendant in this action, having been brought in as a party by the defendant Lloyd Brasileiro. The third-party action was withdrawn after the jury returned a verdict for Brasileiro.

2. The exceptional circumstances under which it has been said that the appellate court may consider errors on its own motion, United States v. Atkinson, 297 U. S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936) do not exist here. See Troupe, supra.

should be treated as a seaman. LiMandri was checking cargo which was being removed from a truck and which "was not for any ship on the pier." Obviously he was not performing any "ship's service" at the time. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 97, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). Compare Fredericks v. American Export Lines, 227 F.2d 450, 454 (2 Cir. 1955), with Massa v. C. A. Venezuelan Navigacion, 298 F.2d 239 (2 Cir. 1960).

In order to avoid any possible misunderstanding in this controversial area, we emphasize that we are deciding only the case before us.

The judgment is affirmed.

CLARK, Circuit Judge (concurring in the result).

I concur in the decision and in the opinion so far as it is rested on the merits. The authorities appear to show clearly that the injury here was not occasioned by a maritime tort; in addition to those cited in the opinion I refer also to McKnight v. N. M. Paterson & Sons, Limited, 6 Cir., 286 F.2d 250, cert. denied 368 U.S. 913, 82 S.Ct. 189, 7 L.Ed.2d 130, affirming D.C.N.D.Ohio, 181 F.Supp. 434.

But I cannot assent to the harsh procedural rulings assigned as an alternative ground for decision. Here was no misleading as to the facts, which were quite clear as concerned this issue; there was only a question of applying the correct legal theory to these facts. As we have said over and over, particular legal theories of counsel must yield to the overall duty of the court to afford relief to which the facts entitle a plaintiff; see, e. g., Gins v. Mauser Plumbing Supply Co., 2 Cir., 148 F.2d 974, 976; Siegelman v. Cunard White Star Limited, 2 Cir., 221 F.2d 189, 196 (per Harlan, J.), and cf. F.R. 15(b) and 54(c). Had the facts actually pointed to a maritime tort, I believe we should have been compelled to reverse for an inadequate charge.