Martin B. Stecher, J.
The plaintiff is a dentist. He has, for many years occupied offices on Central Park South. After trial without a jury,* I find that sometime in the early spring of 1969 the defendants, in preparing an adjoining site for construction, began a course of blasting which lasted nearly six months. The blasting was intermittent, often occurring daily; on some days with great frequency, on others at lesser intervals; on some days not at all. The force of the blasts varied, too, with the sizes of the charges used. The blasts were frequently of sufficient force to shake the building in which the plaintiff practised his profession; and on May 2, 1969, while he was treating a patient, an explosion set off by the defendant propelled a rock from the construction site through the plaintiff’s closed window, shattering it and covering the patient with glass shards. Fortunately, no one was cut by the glass, or struck by the rock.
*873 Dr. Halpert, a man of calm and equable temperament, had become increasingly tense and nervous as the blasting progressed, fearing interference with the fine tolerances required in his profession. The incident of the rock enlarged the area of concern to include fear for his own safety and that of his patients. Tension, heightened by anticipation of new blasts, building tremors and projectiles, impaired his normal functioning requiring him to seek medical attention.
He now seeks damages for personal injury in the nature of anxiety; for the loss of two specific orthodonture contracts; and for loss of income by reason of an enforced vacation prescribed by his physician.
Prior to 1969, no recovery could be had for damage caused by blasting absent proof of negligence, or of trespass (Booth v. Rome, Watertown & Ogdensburg Term. R. R. Co., 140 N. Y. 267). Here there was at least one trespass, the propulsion of the rock through the plaintiff’s window. But the evidence shows it was not this trespass alone which caused the damage, but the building tremors, the noise and the reasonable fear of further projectiles. Since Spano v. Perini Corp. (25 N Y 2d 11), the law is clear ‘ ‘ that one who engages in blasting must assume responsibility, and be liable without fault, for any injury he causes to neighboring property” (Spano v. Perini Corp., supra, p. 15). No case reported since Spano (supra) has actually applied its doctrine to a case of personal injury or other economic loss, but there is little doubt that such application was intended when the court said (supra, p. 18): “ Since blasting involves a substantial risk of harm no matter the degree of care exercised, we perceive no reason for ever permitting a person who engages in such an activity to impose this risk upon nearby persons or property without assuming responsibility therefor. ’ ’ (Emphasis supplied.)
This being the state of the law, the plaintiff is entitled to compensation for those damages which were proximate to the blasting and reasonably foreseeable. The tension and anxiety produced by continuous blasts extending over a period of many months fit both criteria (Dixon v. Neiv York Trap Rock Corp., 293 N. Y. 509; cf. Battalla v. State of New York, 10 N Y 2d 237) and the business losses thereby incurred are also compensable.
The claimed loss of the contract with the patient, Malles, was not proved and is disallowed. The enforced vacation resulted in no proved loss of earnings, the plaintiff having testified that all patients who wished to see him, were given later appointments.
*874 The plaintiff, however, is entitled to compensation in the sum of $2,000 for the loss of his contract with the patient Perlman as well as general damages of $1,000.
Judgment may be entered for the plaintiff in the sum of $3,000 with interest on $2,000 from January 1, 1970. Execution will he stayed for 30 days after service of a copy of the judgment.

 By serving a notice of trial without a jury demand, the plaintiff waived trial by jury. Although the defendant thereafter demanded a jury, its waiver thereof on the day of trial was effective, despite plaintiff’s objections (Downing v. Downing, 32 A D 2d 350).