Barilla Am. NY, Inc. v Boulter Indus. Contrs., Inc. (2021 NY Slip Op 03771)





Barilla Am. NY, Inc. v Boulter Indus. Contrs., Inc.


2021 NY Slip Op 03771


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


948 CA 19-02089

[*1]BARILLA AMERICA NY, INC., PLAINTIFF-RESPONDENT,
v
BOULTER INDUSTRIAL CONTRACTORS, INC., DEFENDANT-APPELLANT. 






THE LAW FIRM OF JANICE M. IATI, P.C., PITTSFORD (ELIZABETH K. OGNENOVSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
BARCLAY DAMON LLP, SYRACUSE (ALAN R. PETERMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Livingston County (Matthew A. Rosenbaum, J.), entered November 12, 2019. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, Barilla America NY, Inc. (Barilla), is the owner of a pasta production plant in Avon, New York. Barilla entered into an oral agreement (agreement) with defendant, Boulter Industrial Contractors, Inc. (Boulter), whereby Boulter would provide millwrights to perform preventative maintenance on Barilla's equipment during its annual shutdown of the plant. The millwrights performed maintenance on two of Barilla's four pasta production lines. Shortly after the machines were placed back into production, Barilla discovered that the dry pasta produced on those two lines was contaminated with metal particles. The metal contamination resulted in the Food and Drug Administration directing a recall of Barilla pasta produced during the relevant time period. Barilla commenced the instant action asserting, inter alia, breach of contract as a first cause of action and seeking damages as a result of the contamination. Boulter answered and thereafter moved for summary judgment dismissing the complaint. Supreme Court, inter alia, denied the motion in part with respect to the first cause of action. Boulter appeals, and we affirm.
Boulter contends that it established as a matter of law that it did not breach the agreement because it satisfied its sole obligation thereunder when it supplied Barilla with qualified millwright laborers and, thus, that the court erred insofar as it denied the motion. We reject that contention. While Boulter submitted in support of its motion, inter alia, the deposition testimony of a Barilla employee who admitted that Boulter consistently provided "qualified" millwrights, Boulter's own submissions on the motion raised triable issues of fact whether the millwrights were qualified inasmuch as those submissions established that the millwrights' work resulted in metal fragments in Barilla products (see generally Zuckerman v City of New York , 49 NY2d 557, 562 [1980]). Moreover, Boulter's own submissions raised triable issues of fact as to the scope of Boulter's obligation under the agreement (see generally id. ).
Boulter further contends that the court erred insofar as it denied the motion because the millwrights were special employees of Barilla, which thus assumed sole liability for any negligence attributable to them (see generally Thompson v Grumman Aerospace Corp. , 78 NY2d 553, 557-560 [1991]; Moore v Newport Quarries, Inc. , 285 App Div 640, 642 [4th Dept 1955]). We reject that contention as well. A person's status as a special employee is generally a question of fact and may be determined as a matter of law "[o]nly where the undisputed facts establish [*2]surrender of complete control by the general employer and assumption of control by the special employer" (Ozzimo v H.E.S., Inc. , 249 AD2d 912, 913 [4th Dept 1998]; see Thompson , 78 NY2d at 557-558). Here, Boulter's own submissions in support of its motion, which included the deposition testimony of employees of both Boulter and Barilla and Barilla's answers to interrogatories, raised questions of fact as to which party provided the supervision and direction of the work performed by the millwrights (see generally Zuckerman , 49 NY2d at 562).
We have considered Boulter's remaining contention and conclude it is without merit.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court